UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80482-CIV-MARRA

PNC BANK NATIONAL ASSOCIATION,

        Plaintiff,

vs.

CASALE MARBLE IMPORTS, INC., a
Florida corporation, DONATO W. CASALE,
an individual, SYLVANA C. CASALE, an
individual, COMMERCIAL REAL ESTATE
INVESTMENT GROUP CORP., a Florida
corporation, METRO & SIVAN, LLC, a
Florida limited liability company, BOCA
RATON BATH & TENNIS CLUB, INC.,
a Florida nonprofit corporation, LA CASA
HOMEOWNERS ASSOCIATION, INC.,
a Florida nonprofit corporation, BEL-AIRE
HOMEOWNERS ASSOCIATION OF
PALM BEACH COUNTY, INC., a Florida
nonprofit corporation, TRITON STONE OF
FORT MEYERS, LLC, a/k/a TRITON STONE
GROUP OF FORT MEYERS, LLC, a Florida
limited liability company, ROBERT CASE, an
individual, and any UNKNOWN TENANTS,

        Defendants.
_____/

## ORDER

        This cause is before the Court upon Plaintiff's Verified Motion for Appointment of

Receiver [DE 5] and Plaintiff's *Ex Parte* Motion for Temporary Restraining Order [DE 6]. The

Court has reviewed the file and is otherwise duly advised in the premises.

        A temporary restraining order or a preliminary injunction is a drastic remedy used

primarily for maintaining the status quo of the parties. See Cate v. Oldham, 707 F.2d 1176, 1185 (11th Cir.1983). A party seeking a temporary restraining order or preliminary injunction must show the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury; (3) that the injury to Plaintiff outweighs the harm an injunction may cause Defendants; and (4) that granting the injunction would not harm the public interest. See Tefel v. Reno, 180 F.3d 1286, 1295 (11th Cir.1999).  "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed.R.Civ.P. 65(b).

Based on these factors, the Court concludes that Plaintiff has not met the standard for issuance of a temporary restraining order.  Particularly, Plaintiff has not shown that immediate and irreparable harm will occur before Defendant can be heard.  Defendants have been in default on their loans to Plaintiff for over 14 months. [DE 6 at 3].  Nothing in the moving papers indicates that the situation has changed and become suddenly emergent.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's *Ex Parte* Motion for Temporary Restraining Order **[DE 6]** is **DENIED** to the extent that Plaintiff seeks emergency relief in the form of a temporary restraining order.  To the extent that Plaintiff seeks a preliminary injunction, in accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, it is hereby **ORDERED AND ADJUDGED** that

Plaintiff's *Ex Parte* Motion for Temporary Restraining Order **[DE 6]** and Plaintiff's Verified Motion for Appointment of Receiver **[DE 5]** are **REFERRED** to United States Magistrate Judge William Matthewman for appropriate disposition and/or report and recommendation.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of May 2013.

_____
KENNETH A. MARRA
United States District Judge