UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**PNC BANK, NATIONAL ASSOCIATION,**

    Plaintiff,

vs.                                                Case No. 9:13-cv-80482-KAM

**CASALE MARBLE IMPORTS, INC.,** a Florida corporation, **DONATO W. CASALE,** an individual, **SYLVANA C. CASALE,** an individual, **COMMERCIAL REAL ESTATE INVESTMENT GROUP CORP.,** a Florida corporation, **METRO & SIVAN, LLC,** a Florida limited liability company, **BOCA RATON BATH & TENNIS CLUB, INC.,** a Florida nonprofit corporation, **LA CASA HOMEOWNERS ASSOCIATION, INC.,** a Florida nonprofit corporation, **BEL-AIRE HOMEOWNERS ASSOCIATION OF PALM BEACH COUNTY, INC.,** a Florida nonprofit corporation, **TRITON STONE OF FORT MYERS LLC,** a/k/a **TRITON STONE GROUP OF FORT MYERS, LLC,** a Florida limited liability company, **ROBERT CASE,** an individual, and any **UNKNOWN TENANTS,**

    Defendants.
_____/

## PLAINTIFF'S AMENDED STATUS REPORT

Pursuant to this Court's Order Requiring Status Reports (Doc. No. 40), Plaintiff, PNC Bank, National Association ("PNC"), files this amended report on the status of the bankruptcy actions involving four of the Defendants, and states as follows:

    1.    The U.S. Bankruptcy Court for the Southern District of Florida has granted relief from the bankruptcy stay to PNC in the four bankruptcy cases pending for Defendants Casale Marble & Imports, LLC ("Casale Marble"); Donato W. Casale ("Donato Casale"); Commercial

2254086 v1

Real Estate Investment Group Corp. ("CREIG"); and Metro & Sivan, LLC ("Metro"). Copies of the U.S. Bankruptcy Court orders granting relief from stay have been filed herein at Doc. No. 35, 36, 41, and 42.

2.  The Defendants Casale Marble, Donato Casale, CREIG, Metro, and Sylvana C. Casale have executed a Stipulation Agreement waiving all claims and defenses. A copy of the Stipulation Agreement was filed herein at Doc. No. 43.

3.  PNC and Defendants Casale Marble, Donato Casale, CREIG, Metro, and Sylvana C. Casale have also entered into a Joint Stipulation for Entry of an Order Appointing Receiver, a copy of which was filed herein at Doc. No. 44 (the "Receiver Stipulation"). A proposed Order Appointing Receiver is attached as an exhibit to the Receiver Stipulation and has been submitted to this Court.

4.  Plaintiff also filed a Motion for Temporary Restraining Order, filed herein at Doc. No. 6 (the "Injunction Motion"), which Injunction Motion sought entry of a temporary restraining order and/or preliminary injunction in order to protect Plaintiff's collateral in the interim period pending this Court's ruling on the appointment of a receiver.

5.  If the proposed Order Appointing Receiver is entered by this Court, the Injunction Motion will then be moot and this Court should deny it without prejudice or it will be withdrawn by Plaintiff. The Receiver will take possession and control of all assets which Plaintiff has sought to protect in the Injunction Motion and there will be no need at that time for an injunction to protect Plaintiff's collateral.

6.  No hearing is necessary at this juncture to enter the proposed Order Appointing Receiver as all Defendants with any ownership interest in the proposed receivership estate have consented to entry of the proposed Order Appointing Receiver and have waived all claims and

defenses in this matter as part of the Stipulation Agreement and the settlement in the bankruptcy case.

7.   Once the proposed Order Appointing Receiver is entered, the bankruptcies of Defendants Casale Marble, CREIG, and Metro will be dismissed.  The bankruptcy of Defendant Donato Casale will remain pending in order that Donato Casale may seek discharge of his personal debts, but full relief from stay has been granted to Plaintiff to take any action to protect and preserve Plaintiff's collateral.

8.   Solely in an abundance of caution, if the proposed Order Appointing Receiver is not entered by this Court for reasons not contemplated by Plaintiff at this time, Plaintiff respectfully requests that the Injunction Motion be set for final evidentiary hearing as soon as possible.

Accordingly, PNC requests that this Court enter the Agreed Order Appointing Receiver and Granting Related Relief, and re-set deadlines for case management.

DATED this 3rd day of September, 2013.

        Respectfully submitted,

        **BURR & FORMAN LLP**
        **Attorneys for Plaintiff**
        200 South Orange Avenue
        Suite 800
        Orlando, FL  32801
        Phone:  (407) 540-6607
        Fax:  (407) 244-0889
        Email:  ddpowell@burr.com
        Email:  mnardella@burr.com

        By:*/s/ Michael A. Nardella*
           Denise D. Dell-Powell, Esq.
           Florida Bar No.: 0890472
           Michael A. Nardella, Esq.
           Florida Bar No.: 51265

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September 3, 2013 a copy of the foregoing was sent via electronic mail through CM/ECF electronic transmission to: Scott Adam Stoloff, Esq., Counsel for Bel-Aire Homeowners Association of Palm Beach County, Inc., at ss@dkslaw.net, and sent via U.S. mail, postage prepaid, to:

Casale Marble Imports, Inc.
3000 NW 29th Road
Boca Raton, FL 33431

Commercial Real Estate Investment Group, Corp.
3000 NW 29th Road
Boca Raton, FL 33431

Donato W. Casale
3000 NW 29th Road
Boca Raton, FL 33431

Sylvana C. Casale
3000 NW 29th Road
Boca Raton, FL 33431

Boca Raton Bath & Tennis Club, Inc.
2801 North Military Trail
Boca Raton, FL 33431-6316

La Casa Homeowners Association, Inc.
300 El Prado
Venice, FL 34287

Triton Stone of Fort Myers, LLC
a/k/a Triton Stone Group of Fort Myers, LLC
3531 Metro Parkway
Fort Myers, FL 33916

Robert Case
656 N. Wellwood Avenue, #C
Lindenhurst, NY 11757

                                                    */s/ Michael A. Nardella*
                                                    Michael A. Nardella