UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80482-CIV-MARRA/MATTHEWMAN

PNC BANK NATIONAL ASSOCIATION,

        Plaintiff,

v.

CASALE MARBLE IMPORTS, INC., a
Florida corporation, *et al.*

        Defendants,
_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Plaintiff, PNC Bank, N.A.'s Verified Motion for Appointment of Receiver ("Paintiff") [DE 5] and *Ex Parte* Motion for Temporary Restraining Order [DE 6], both filed on May 13, 2013. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 13. Upon review of the Motions and the entire file, the undersigned RECOMMENDS that the Motion be Motion for Appointment of Receiver be GRANTED and the *Ex Parte* Motion for Temporary Restraining Order [DE 6] be DENIED WITHOUT PREJUDICE.

    1.    On May 13, 2013, Plaintiff filed a Motion to Appoint Receiver [DE 5] and an *Ex Parte* Motion for Temporary Restraining Order [DE 6] against Defendants Casale Marble Imports,

1

Inc., Commercial Real Estate Investment Group, Corp., and Metro & Sivan, LLC (collectively, the "Casale Defendants").

2. In an Order dated May 15, 2013, the District Judge denied Plaintiff's *Ex Parte* Motion for Temporary Restraining Order to the extent that Plaintiff sought emergency relief in the form of a temporary restraining Order. The District Judge then referred the Motion to the undersigned to the extent that Plaintiff seeks a preliminary injunction and also referred the Motion to Appoint Receiver to the undersigned. [DE 13].

3. The undersigned set an evidentiary hearing on both the Motion to Appoint Receiver and the Motion for Preliminary Injunction for June 4, 2013. [DE 14].

4. The hearing was ultimately canceled after the District Judge entered Orders staying the case as to the Casale Defendants because Plaintiff had filed Suggestions of Bankruptcy pertaining to the Casale Defendants. *See* DE 29-31, 34.

5. The District Judge later entered an Order Lifting Stay as to Defendants Commercial Real Estate Investment Group, Corp. and Metro & Sivan, LLC, upon Plaintiff's filing of the Bankruptcy Court's Order terminating the automatic stay as to real property located in Florida. *See* DE 39.

6. The District Judge also entered an Order partially lifting the stay as to Defendant Donato W. Casale consistent with the parameters of the Bankruptcy Court's order dated August 22, 2013. *See* DE 47.

7. In light of the bankruptcy proceedings and the Orders Lifting Stay, the undersigned ordered that the parties provide the Court with status reports. [DE 40].

8. Plaintiff filed two stipulation agreements with the Court. In the first Stipulation Agreement, the parties consented to the entry of an order granting the receiver motion. The

2

Casale Defendants also acknowledged that they have no defenses, counterclaims, offsets, cross-claims, claims, and/or demands. The Casale Parties consented and stipulated to the entry of a final judgment of foreclosure to transfer title to the PNC Collateral and agreed to turn over the PNC Collateral to the Receiver along with other information. Plaintiff agreed not to seek conversion of the Casale Marble Bankruptcy to chapter 7 and consented to the use of its cash collateral by Casale Marble under the same terms, conditions, restriction, adequate protection, and other required payments included in the Bankruptcy Court's Second Order Authorizing Use of Cash Collateral and Granting Adequate Protection. *See* DE 43-1.

10. The second stipulation was the Joint Stipulation for Entry of Order Appointing Receiver. In that document, the parties stipulated to the appointment of Thomas J. Beane of Beane Associates, Inc., as receiver. *See* DE 44.

11. Plaintiff submitted an Amended Status Report on September 3, 2013. [DE 48]. Plaintiff explained that no evidentiary hearing on the preliminary injunction motion is necessary at this juncture. It also stated that, if the Court appoints a receiver, the preliminary injunction motion will be moot and should be denied without prejudice or withdrawn by Plaintiff.

Based on the foregoing, the undersigned RECOMMENDS that the Plaintiff's Verified Motion for Appointment of Receiver [DE 5] be GRANTED and Thomas J. Beane of Beane Associates, Inc., be appointed as receiver. The undersigned also RECOMMENDS that Plaintiff's *Ex Parte* Motion for Temporary Restraining Order [DE 6] be DENIED WITHOUT PREJUDICE in its entirety.

**NOTICE OF RIGHT TO OBJECT**

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a

copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C)

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of September, 2013.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge

cc:

All attorneys of record

Defendant Casale Marble Imports, Inc.
3000 NW 29th Road
Boca Raton, FL 33431

Defendant Donato W. Casale
3000 NW 29th Road
Boca Raton, FL 33431

Defendant Sylvana C. Casale
3000 NW 29th Road
Boca Raton, FL 33431

Defendant Commercial Real Estate Investment Group Corp.
3000 NW 29th Road
Boca Raton, FL 33431

Defendant Metro & Sivan, LLC
3000 NW 29th Road
Boca Raton, FL 33433
Defendant Boca Raton Bath & Tennis Club, Inc.
2801 North Military Trail
Boca Raton, FL 33431-6316

Defendant La Casa Homeowners Association, Inc.
300 El Prado
Venice, FL 34287

Defendant Triton Stone of Fort Myers, LLC
3531 Metro Parkway

4

Fort Myers, FL 33916

Defendant Robert Case
656 N. Wellwood Avenue, #C
Lindenhurst, NY 11757

Defendant Unknown Tenants
715 SW 17th Avenue
Delray Beach, FL 33444


Brad Culverhouse, Attorney at Law, Chartered
320 S. Indian River Dr. Suite 100
Fort Pierce, FL 34950